KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Karl David Ratliff,                ) No. CV 11-2202-PHX-DGC (MHB)
                                   )
    Plaintiff,             ) **ORDER**
                                   )
vs.                                )
                                   )
Joel Kaminsky, et al.,             )
                                   )
    Defendants.            )
_____)

On November 9, 2011, Plaintiff Karl David Ratliff, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a December 19, 2011 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 6, 2012, Plaintiff filed his First Amended Complaint (Doc. 9). The Court will dismiss the First Amended Complaint and this action. Plaintiff also filed, on December 21, 2011, a letter inquiring as to the status of this case. The Court will construe the letter as a Motion for Status and will grant it to the extent that this Order informs Plaintiff of the status of this case.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

1  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
2  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
3  be granted, or that seek monetary relief from a defendant who is immune from such relief.
4  28 U.S.C. § 1915A(b)(1), (2).

5  A pleading must contain a "short and plain statement of the claim *showing* that the
6  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
7  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
8  unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
9  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements, do not suffice." Id.

11 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
12 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
13 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
14 that allows the court to draw the reasonable inference that the defendant is liable for the
15 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
16 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
17 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
18 allegations may be consistent with a constitutional claim, a court must assess whether there
19 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

20 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
21 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
22 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
23 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
24 94 (2007) (*per curiam*)).

25 **II.   First Amended Complaint**

26 In his seven-count Amended Complaint, Plaintiff sues Phoenix Police Officers Joel
27 Kaminsky, Jason Cvancara, Mathew Long, and John Modrick.
28

1          In Count I, Plaintiff claims his Fourteenth Amendment rights were violated when Defendants "retaliated" against him by wrongfully arresting him for "misconduct with weapons, a probation violation, Marijuana, and two counts of aggravated assault." Plaintiff claims that he did not match the description of the culprit described in a 911 call, that Defendants wrongfully charged him with possessing a gun that was 10 or 15 feet away from Plaintiff and five other people present at the time.

          In Count II, Plaintiff claims that Defendants made false statements in their police reports. In Count III, Plaintiff alleges that Defendants "fabricated" evidence when they charged him with weapons misconduct but the gun was not Plaintiff's and did not have Plaintiff's fingerprints on it.

          In Count IV, Plaintiff claims that Defendants' actions constitute harassment. In Count V, Plaintiff claims that Defendants threatened his safety when they wrongfully arrested him. In Count VI, Plaintiff claims that Defendants violated his Fourth Amendment rights when they stopped him without probable cause. In Count VII, Plaintiff claims that Defendants failed to interview witnesses.

          Plaintiff seeks "dismissal of all charges or $750,000.00."

**III.    Failure to State a Claim**

     **A.    Younger Abstention**

          To the extent Plaintiff seeks dismissal of the criminal charges against him, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The Younger abstention doctrine applies while the case works its way through the state appellate process. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989) ("[f]or Younger purposes, the State's trial-and-appeals process is treated as a unitary system"); Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which Younger is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.").

If relief is available to Plaintiff in connection with these proceedings, it lies in the state court. If Plaintiff is convicted after the conclusion his state court criminal proceedings, Plaintiff may seek relief in federal court for any denial of his constitutional rights through a petition for writ of habeas corpus. However, Plaintiff should note that federal courts will not entertain a habeas petition until Plaintiff has exhausted his state court remedies. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). Any claim for damages will be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), unless Plaintiff can demonstrate his conviction has previously been reversed or otherwise invalidated, because such a judgment in favor of Plaintiff on these issues would necessarily imply the invalidity of his conviction or sentence.

### B. Wrongful Arrest-Counts I, IV, V, and VI

To the extent that Plaintiff seeks money damages, he has failed to state a claim. In Counts I, IV, V, and VI, Plaintiff claims that Defendants wrongfully stopped and arrested him for the purpose of retaliation and harassment. To establish that he was wrongly arrested in violation of the Fourth Amendment, Plaintiff must show that Defendants made the arrest without probable cause. <u>Dubner v. City & County of S.F.</u>, 266 F.3d 959, 964 (9th Cir. 2001). Probable cause exists when, taking together the totality of circumstances known to the arresting officer, a prudent person would conclude that there was a fair probability that the arrested person committed a crime. <u>Gasho v. United States</u>, 39 F.3d 1420, 1428 (9th Cir. 1994). If a Defendant had probable cause, Plaintiff's arrest was lawful regardless of the officer's subjective motivation. <u>Tatum v. City & County of S.F.</u>, 441 F.3d 1090, 1094 (9th Cir. 2006).

In this case, Plaintiff has alleged facts showing that the arresting officers responded to a 911 call; that when they arrived on the scene, Plaintiff was part of a group of people standing near a weapon on the ground; and that there were conflicting witness reports as to whom the gun belonged. Although Plaintiff asserts he is innocent based on later discovered evidence such as the lack of his fingerprints on the gun, Plaintiff has not presented facts showing that, at the time of the arrest, the officers were without probable cause to arrest him. Moreover, Plaintiff makes no allegations of probable cause regarding the marijuana charges.

See Edgerly v. City & County of San Francisco, 495 F.3d 645, 651-52 (9th Cir. 2007) ("Probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest.").

Accordingly, Plaintiff has failed to state a claim for false arrest or imprisonment and the Court will dismiss Counts I, IV, V, and VI for failure to state a claim.

### C. Evidence Claims-Counts II, III, and VII

Plaintiff claims that Defendants made false statements in their police reports (Count II), fabricated evidence (Count III), and failed to collect witness statements (Count VII). Plaintiff claims that Defendants fabricated evidence by making untrue statements in their reports and that the statements were, in some instances, in direct conflict with witnesses' statements. "[T]he mere filing of . . . false police reports, by themselves and without more, did not create of right of action in damages under 42 U.S.C. § 1983." Landrigan v. City of Warwick, 628 F.2d 736, 744-45 (1st Cir. 1980); Bronner v. San Francisco Superior Court, 2010 WL 2650500 (N.D. Cal. July 1, 2010) ("numerous courts have held that the fact that a false, incomplete or fraudulent police report has been filed is insufficient to state a § 1983 claim."); J.K.G. v. County of San Diego, 2011 WL 5218253 *6 (S.D. Cal. November 2, 2011) ("the filing of the false police report, even where it resulted in charges being filed, did not constitute a civil rights violation."). See also Paskaly v. Seale, 506 F.2d 1209, 1212 (9th Cir. 1974) ("The tort of malicious prosecution, without more, does not constitute a civil rights violation."); Curry v. Ragan, 257 F.2d 449, 450 (5th Cir. 1958) ("Neither the Fourteenth Amendment nor the Civil Rights Acts purport to secure a person against unfounded or even malicious claims or suits in the state courts."). Accordingly, Plaintiff's allegations in Counts II and III, that Defendants made false statements in their police reports, fail to state a claim for relief.

Further, "a police officer's failure to preserve or collect potential exculpatory evidence does not violate the Due Process clause unless the officer acted in bad faith." Cunningham v. City of Wenatchee, 345 F.3d 802, 813 (9th Cir. 2003). A showing of bad faith "turn[s] on the police's knowledge of the exculpatory value of the evidence at the time it was lost or

destroyed." Id. (citing Arizona v. Youngblood, 488 U.S. 51, 58 (1988)). The Court notes that while Plaintiff claims Defendants refused to take "any witness statements," Plaintiff also claims that "there are multiple witnesses in the report." (Compl. at 4). Accordingly, Plaintiff has failed to state a claim in Count VII.

**IV.     Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss the First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). The Court will therefore dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's First Amended Complaint (Doc. 9) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 31st day of January, 2012.

_David G. Campbell_
David G. Campbell
United States District Judge